Putnam J.
afterward drew up the opinion of the Court. We think that it is very clear from the assignment or indenture itself, independently of the parol evidence, that the plaintiffs did not intend to discharge the defendant from his liability as indorser, and that the discharge contained therein, of the maker, by the plaintiffs, was by the approbation of the defendant. The general words of. release are broad enough to discharge the maker ; for the bank released all claims it had against him by reason of having any note against him. But the parties provided always, “that nothing therein contained should be construed to impair or affect any lien or pledge, theretofore created or obtained as security for a debt or claim due from Sargent, the party of the first part.” The plaintiffs held the defendant’s indorsement as security for the payment of the note in question.
But it is contended that the indorsement is not strictly and properly a pledge or lien, and so not within the proviso ; that those terms apply to personal property given to a creditor as a pledge, or the right of lien which creditors may have by law on property or funds in their hands. We do not think it ne *543 cessary to resort to the parol evidence to ascertain the meaning of the word u pledge,” as used in the assignment. It has a legal and well-defined interpretation, which is more broad than that which is suggested for the defendant. It may be derived (says Cowell, verb. Pledge) from “ the French pleige, fidejussor ; pleiger aucun, i. e. fide-jubere pro aliquo. In the same signification is plegius used by Glanv. lib. 10, c. 5, and plegiatio, for the act of suretiship. In the Interpreter of the Grand Custumary of Normandy, c. 60, plegii dicuntur persona, qua se obligant ad hoc, ad quod qui eos mittit, tenebatur.’’’’ “ Pledgery,” Cowell defines to be “ suretiship, an undertak ing, or answering for.” And the remedy of a surety which is found in Fitzh. N. B. fiol. 137, and Reg. 158, is a writ called de plegiis acquietandis. “ It lies for a surety against him for whom he is surety, if he pay not the money at the day.”
Now the defendant, by his indorsement, undertook and became answerable for the maker of the note. The plaintiffs had obtained the pledge of his name and responsibility for their security ; and they say expressly that they do not mean to discharge it. There is no necessity for the parol evidence, to ascertain the intent of the instrument, so far as the plaintiffs are concerned.
And the defendant himself became a party to the assign ment. The note now in question was to be paid as preferred paper, for the benefit of the defendant, who was by bis indorsement an honorary creditor. It was to be treated as the custom-house bonds were, which the defendant had executed as surety for Sargent, the party of the first part. The defendant had no other right to claim for this note, than what accrued to him as an indorser. The defendant, by becoming a party, agreed to the arrangement, that the principal debtor should be discharged, in consideration of the property assigned by him to be distributed, and that the pledge or undertaking which he had given by his indorsement should continue. The defendant himself released the maker from any claims he could have against him as indorser of any of his notes ; so he could not suffer any prejudice by the release which the plaintiffs made to the maker.
On the whole view of the instrument, it would be doing vio *544 ence to its reasonable and obvious meaning to construe it to be a discharge of the defendant’s liability upon his indorsement.
The case of Bruen v. Marquand, 17 Johns. R. 58, has a most remarkable resemblance to the case at bar. The “intent of the parties,” said Van Mess J., “ clearly appears to have been, that the holders of the note should set the makers free, but that the remedy against the indorser should remain.” The facts of that case are almost identical with those of this ; and the reasoning of the court we think to be very conclusive and just.
The opinion of the whole Court is, that judgment should be rendered for the plaintiffs upon the verdict.[1]

 See Rich v. Lord, 18 Pick. 322.